■ THOMAS B. CORGAN et al., Doing Business as CORGAN & BALESTIERE, Appellants, v. JOSEPH SCHULER, Respondent.— Order unanimously reversed, without costs, and case remitted to the Calendar Justice of Supreme Court, Monroe County, for disposition in accordance with the following Memorandum: On October 1, 1969, the opening day of trial, the court granted a motion by plaintiff for leave to serve an amended complaint setting forth an additional cause of action. Satisfied that additional time was required for the preparation of a defense to this claim, on the following day the court granted defend-

ant's request for a mistrial and a notation to that effect was made on the clerk's index card of the case. On the same day there was entered on the card " Over-off-rule ", indicating a transfer of the action to the general docket, from which it would be automatically dismissed if not restored to the Trial Calendar by motion within one year. This entry, which plaintiff now seeks to have corrected, was unauthorized and improper under the calendar rules then in effect in Monroe County. The rule (22 NYCRR 1110.22) provided that in the event of a mistrial the case " shall be placed at the head of the trial calendar for inclusion in the next tentative day calendar to be prepared, unless the presiding justice shall otherwise direct ". Nowhere was there a provision that such a case should be transferred to the general docket, there to move toward automatic dismissal. The error was further compounded by the fact that, having placed the action on the stricken cases portion of the general docket, the clerk failed to give the attorneys notice of such disposition and to call their attention to the rule with respect to the time and manner in which the case might be restored, as required by 22 NYCRR 1110.28(c). If such notice had been given, plaintiffs' attorney would have been aware that the case was in jeopardy of automatic dismissal and could have moved to correct the erroneous entry or to restore the action to the Trial Calendar within a year, thereby avoiding its dismissal. ·The entry " Over-off-rule " dated October 2, 1969 should be expunged from the index card of the case *nunc pro tunc* and the action remitted to the Calendar Justice of Monroe County for appropriate location on the Supreme Court calendars. On this motion to correct the erroneous entry we do not consider the question of delay in prosecution subsequent to October 2, 1969. (Appeal from order of Monroe Trial Term denying motion to correct entry on case index card.) Present — Del Vecchio, J. P., Moule, Cardamone,`Simons and Henry, JJ.